IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FURLANDARE SINGLETON, Individually and as
Administrator of the Estate of DEQUAN SINGLETON,
SYNDI SINGLETON, AND HAYLEE SINGLETON,
Decedents; and CLYDE HATCHETT, Individually,
and as Administrator of the Estate of EMILY
BEAVERS, Deceased                                                                                     PLAINTIFFS

VS.                                NO. 4:15-cv-00205-KGB

ARKANSAS HOUSING AUTHORITIES PROPERTY
& CASUALTY SELF-INSURED, Inc.(Specifically,
THE JACKSONVILLE HOUSING AUTHORITY, a/k/a
THE MAX HOWELL PLACE HOUSING PROJECTS);
EVANSTON INSURANCE COMPANY, an Illinois
Corporation; PHIL NIX, in His Individual and Official
Capacity as Executive Director of The Jacksonville
Housing Authority; BRK BRANDS, INC.; JOHN DOES
1 - 50; and JANE DOES 1- 50                                                                       DEFENDANTS
                                                AND
MARILYN LOUISE BEAVERS, Individually, and as
Administrator of the Estate of MARILYN BEAVERS,
DECEASED                                                                                               PLAINTIFFS
VS.
ARKANSAS HOUSING AUTHORITIES PROPERTY
& CASUALTY SELF-INSURED, INC. (Specifically,
THE JACKSONVILLE HOUSING AUTHORITY, a/k/a
THE MAX HOWELL PLACE HOUSING PROJECTS);
EVANSTON INSURANCE COMPANY, an Illinois
Corporation; PHIL NIX, in His Individual and Official
Capacity as Executive Director of THE JACKSONVILLE
HOUSING AUTHORITY; BRK BRANDS, INC.; and
JOHN DOES 1 - 10                                                                                    DEFENDANTS

**REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME
IN WHICH TO RESPOND TO THE HOUSING AUTHORITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1. Plaintiff Marilyn Louise Beavers, Individually, and as Administrator of the Estate of Marilyn Beavers, deceased ("Marilyn Beavers"), maintains that her request for an extension of time in which to respond to the Motion for Summary Judgment (Docket Nos. 56, 57, and 58), filed on January 11, 2016 by Separate Defendants Arkansas Housing Authorities Property & Casualty Self-Insured Fund, Inc., Evanston Insurance Company and Phil Nix (collectively, "Housing Authority Defendants"), was properly stated and supported pursuant to Fed. R. Civ. P. 56(d), and, accordingly, asks the Court to grant the extension sought by Plaintiffs.

2. The Housing Authority Defendants attempt to argue that sufficient time has taken place in this matter since the initiation of the state cases for Plaintiffs to obtain any discovery they need. However, significant procedural events in this case have resulted in a delays to discovery. Most notably the consolidation of the two state cases and subsequent removal of the consolidated case to federal court, have caused the pace of discovery to slow in this case considerably.

3. Beyond the delays caused by the procedural events which have taken place in this case, Plaintiff denies that she has otherwise unduly delayed

2

in pursuing discovery in this matter. For example, while the deposition of Phil Nix finally took place on January 25, 2016, Plaintiff attempted for months to schedule this deposition. To demonstrate the difficulty Plaintiff has had in obtaining discovery to this point, Plaintiff attaches voluminous correspondence in her file since December of 2014, which sets forth the efforts to schedule the Deposition of Phil Nix. Plaintiff makes this point to demonstrate that she has been diligently attempting to obtain discovery in this matter. Further discovery, as discussed in Plaintiff's Motion, is additionally needed for Plaintiff to properly respond to the Motion for Summary Judgment.

4. Plaintiffs' experts are finalizing their reports, and pursuant to the Final Scheduling Order, Plaintiffs were allowed until February 29, 2016 to make her expert disclosures, including reports. (Docket No. 47). Plaintiff cannot fully and fairly depose Defendants' experts until she has obtained the full reports and opinions from her own experts. The expert depositions could bring to light the need for depositions of other fact witnesses and lines of questioning which should be asked of witnesses.

5. Plaintiff asserts that her Motion and the attached affidavit of attorney David Hodges, comply with the requirements of Rule 56(d), and sufficiently set forth the additional specific discovery needed by Plaintiffs and how this discovery is necessary for Plaintiffs to properly respond to the Housing

Authority Defendants' Motion for Summary Judgment. However, it is impossible to say that those specific discovery items are the only relevant items needed, because as the depositions of certain parties, experts, and fact witnesses are taken, it might become apparent that further discovery is needed on certain matters. This is not a fishing expedition, but part of the discovery process that allows litigants to fully and fairly learn facts and opinions held by opposing parties.

6. Plaintiff asks for a hearing on the Motion for Extension of Time.

7. For the reasons stated herein and in Plaintiff's original Motion for Extension of Time, Plaintiff asks the court to grant her additional time in which to respond to the Housing Authority Defendants' Motion for Summary Judgment, and to allow her fourteen days after the expiration of the discovery deadline of July 20, 2016 to file her Response.

        MARILYN LOUISE BEAVERS, Individually,
        and as Administrator of the Estate of
        MARILYN BEAVERS, Deceased, Plaintiff

    By:   /s/ David A. Hodges
        DAVID A. HODGES
        Attorney at Law
        212 Center Street, Fifth Floor
        Little Rock, AR 72201-2429
        Arkansas Bar No. 65021
        Telephone: 501-374-2400
        Facsimile:  501-374-8926
        E-Mail: david@hodgeslaw.com

         **and**

         **E. DION WILSON**
         **Attorney at Law**
         **423 Rightor Street**
         **Helena, AR 72342**
         **Telephone: 870-338-6487**
         **Facsimile: 870-338-8030**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:
.

Mr. William M. Hatchett
Hatchett, DeWalt, Hatchett
485 Orchard Lake Road
Pontiac, MI 48341

Ms. Sheila Campbell
Attorney at Law
P.O. Box 939
North Little Rock, AR 72115

Mr. William Griffin
Friday, Eldredge Clark
400 W. Capitol Avenue, Suite 2000
Little Rock, AR 72201-3493

Mr. John Walker
Mr. Shawn Childs
Walker Law Firm
1723 Broadway
Little Rock, AR 72206

Ms. Kathryn A. Pryor
Wright, Lindsey & Jennings
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201

Ms. Teresa Wineland
Kutak Rock, LLP
124 West Capitol Avenue, Suite 2000
Little Rock, AR 72201-3706

Mr. Baxter D. Drennon
Wright, Lindsey & Jennings
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201

Mr. John L. Wilkerson
Attorney at Law
301 W. 2nd Street
North Little Rock, AR 72115

Mr. E. Dion Wilson
Wilson & Associates
423 Rightor Street, Suite One
Helena, AR 72342-3219

Mr. James H. Heller
Cozen O'Conner
1900 Market Street
Philadelphia, PA 19103

    /s/ **David A. Hodges**
**DAVID HODGES**