IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FURLANDARE SINGLETON,** *et al.*                                              **PLAINTIFFS**

v.                    Case No.:  4:15-CV-205-KGB

**ARKANSAS HOUSING AUTHORITIES
PROPERTY & CASUALTY SELF-INSURED                               DEFENDANTS
FUND, INC.,** *et al.*

## BRK BRANDS, INC.'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

Defendant, BRK Brands, Inc. ("BRK"), by and through its attorneys, Wright, Lindsey & Jennings, LLP, and Cozen O'Connor, submits the following Statement of Material Facts as to which there is no dispute pursuant to Local Rule 56.1:

1. In the early morning hours of March 22, 2012, decedents were in the apartment in which they resided in Jacksonville, Arkansas.  (Doc. No. 27 at ¶ 31).

2. At or about 2:00 a.m. on the morning of the fire, all decedents shared a telephone conversation with plaintiff, Furlandare Singleton.  (Doc. No. 27 at ¶ 34).

3. Moments after the 2:00 a.m. telephone conversation, a fire ignited in decedents' apartment.  (Doc. No. 27 at ¶ 35).

4. Marilyn Beavers was aware of the fire and attempted to extinguish the fire.  (Doc. No. 27 at ¶ 37).

5. A Model 1839WN smoke alarm, manufactured by BRK, was installed in the hallway of the apartment on the night of the fire.  (Doc. No. 27 at ¶ 65.)

6. On December 7, 2015, all parties and their experts inspected the smoke alarm that was installed in decedents' apartment on the night of the fire. (Affidavit of Daniel Gottuk attached as Exhibit "A" to BRK's motion and also attached to Jacksonville Housing Authority's motion for summary judgment, Doc. No. 56-2).

7. This December 7, 2015, inspection demonstrated that the smoke alarm sounded during the fire. (Affidavit of Daniel Gottuk).

8. All occupants of the apartment, decedents, died from smoke inhalation during the fire.

9. There is no evidence as to when or how decedents learned of the fire and/or how much time passed between the moment the alarm sounded and the point the decedents became unconscious.

10. There is no evidence how much time passed while Marilyn Beavers attempted to extinguish the fire.

11. There is no evidence as to how much time passed between the moment Marilyn Beavers became aware of the fire and the point decedents became unconscious.

       Respectfully submitted,

       **WRIGHT, LINDSEY & JENNINGS, LLP**

       By: /s/ *Kathryn A. Pryor*
           Kathryn Pryor (89206)
           200 W. Capitol Avenue
           Suite 2300
           Little Rock, AR  72201-3699
           501-371-0808
           KPryor@WLJ.com

       *Attorneys for BRK Brands, Inc.*

*Of Counsel*:
James H. Heller, Esquire
**COZEN O'CONNOR**
1650 Market Street | Ste. 2800
Philadelphia, PA  19103
215-665-2189
jimheller@cozen.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

| | |
|---|---|
| David A. Hodges | Shawn Childs |
| E. Dion Wilson | William M. Hatchett |
| Sheila Campbell | William Griffin |
| Teresa Wineland | John Wilkerson |
| John Walker | |

       /s/ *Kathryn A. Pryor*
         Kathryn A. Pryor