IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FURLANDARE SINGLETON,** *et al.*                          **PLAINTIFFS**

v.          Case No.: 4:15-CV-205-KGB

**ARKANSAS HOUSING AUTHORITIES
PROPERTY & CASUALTY SELF-INSURED
FUND, INC.,** *et al.*                                              **DEFENDANTS**

**BRK BRANDS, INC.'S MEMORANDUM BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, BRK Brands, Inc. ("BRK"), by and through its attorneys, Wright, Lindsey & Jennings, LLP, and Cozen O'Connor, and for its Memorandum Brief in Support of its Motion for Summary Judgment, states as follows:

**I.**      **INTRODUCTION**

Plaintiffs have alleged that Marilyn Beavers and her four children, Dequan Singleton, Sydni Singleton, Hailey Singleton and Emily Beavers ("decedents"), died as a result of the March 22, 2012 fire that occurred at an apartment in which the decedents resided. As to separate defendant, BRK, plaintiffs allege that a smoke alarm manufactured by BRK failed to sound an audible alarm to warn Marilyn Beavers of the presence of smoke from the fire. (Doc. No. 27, ¶¶ 36, 67 & 68.) Based on the allegations against BRK, plaintiffs have pled product liability causes of action against BRK, namely strict liability, failure to warn, defective design, negligence, breach of express warranty and breach of implied warranty of merchantability. (Doc. No. 27). Based on the undisputed evidence, plaintiffs cannot

establish a *prima facie* case as to BRK and BRK is entitled to judgment, as a matter of law.

## II.     FACTUAL BACKGROUND

In the early morning hours of March 22, 2012, decedents were in the apartment in which they resided in Jacksonville, Arkansas. (Doc. No. 27 at ¶ 31). On or about 2:00 a.m. on the morning of the fire, all decedents shared a telephone conversation with plaintiff, Furlandare Singleton. (Doc. No. 27 at ¶ 34). Moments after the 2:00 a.m. telephone conversation, a fire ignited in decedents' apartment. (Doc. No. 27 at ¶ 35). Marilyn Beavers was aware of the fire and attempted to extinguish the fire. (Doc. No. 27 at ¶ 37).

A Model 1839WN smoke alarm, manufactured by BRK, was installed in the hallway of the apartment on the night of the fire. (Doc. No. 27 at ¶ 65). On December 7, 2015, all parties and their experts inspected the smoke alarm that was installed in decedents' apartment on the night of the fire. (Affidavit of Daniel Gottuk attached to BRK's motion as Exhibit "A" and also attached to Jacksonville Housing Authority's motion for summary judgment, Doc. No. 56-2). This December 7, 2015, inspection demonstrated that the smoke alarm sounded during the fire. (*Id.*)

All occupants of the apartment, decedents, died during the fire from smoke inhalation. There is no evidence as to when Marilyn Beavers became aware of the fire in relation to when the decedents became unconscious, nor is there evidence as to when the alarm sounded in relation to when decedents became unconscious. As

2

such, there is no evidence that decedents lacked sufficient time to escape the apartment as a proximate result of any claimed alarm defect.

### III. <u>STANDARD FOR SUMMARY JUDGMENT</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). In order to defeat a motion for summary judgment, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249. "The non-movant 'must do more than simply show that there is some metaphysical doubt as to material facts,' and must come forth with 'specific facts showing that there is a genuine issue for a trial'." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986)).

The mere existence of some alleged factual dispute will not defeat a properly-supported motion for summary judgment; rather, the disputed fact must be

"outcome determinative" under applicable law. *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989). A case founded on "speculation or suspicion" is not sufficient to survive a summary judgment motion. *National Bank of Commerce v. Dow Chemical Company*, 165 F.3d 602, 607 (8th Cir. 1999).

For the reasons explained below, BRK is entitled to judgment as a matter of law on all claims asserted by all plaintiffs in this matter.

## IV. PLAINTIFFS CANNOT ESTABLISH A *PRIMA FACIE* CASE AGAINST BRK ON ANY LIABILITY THEORY

Plaintiffs' theories of liability against BRK are product liability theories with regard to the subject smoke alarm manufactured by BRK. Whether the theory is based on product defect, negligence/failure to warn or breach of warranty, under Arkansas law, to establish a *prima facie* case against BRK, plaintiffs must establish a nexus between BRK and the deaths of the decedents. When the evidence here is viewed beyond speculation, plaintiffs cannot meet their burden. *See* AMI Civil 1013 (2016); *Higgins v. General Motors*, 287 Ark. 390, 392, 699 SW 2d 741, 743 (1985).

### A. Plaintiffs Cannot Establish That the Smoke Alarm Was Defective or Unreasonably Dangerous

Under Arkansas law, to prevail on a products liability claim, plaintiffs must show "(1) [t]he supplier is engaged in the business of manufacturing, assembling, selling, leasing or otherwise distributing the products; (2) [t]he product was supplied by him or her in a defective condition which rendered it unreasonably dangerous; and (3) [t]he defective condition was a proximate cause of the harm to

4

person or to property." Ark. Code. Ann. § 4-86-102(a); *Ruminer v. Gen. Motors Company*, 483 F.3d 561, 563 (8th Cir. 2007).

Further, Arkansas law "is clear that in order to recover on a products-liability claim, a defect alone is not enough; the defect must render the product 'unreasonably dangerous' as well." *Mason v. Mitcham*, 382 S.W.3d, 717, 719 (Ark. Ct. App. 2011). "The mere fact of an accident, standing alone … does not make out a case that the product was defective, nor does the fact that it was found in a defective condition after the event, where it appears equally likely that it was caused by the accident itself." *Shipp v. Gen. Motors Company*, 443 F.Supp.2d 1023, 1032 (Ed.Ark. 2006) (Holmes, J.).

Here, plaintiffs have no evidence that the smoke alarm was defective or unreasonably dangerous. Plaintiffs' product defect claim is based on the allegations that the smoke alarm failed to sound. (Doc. No. 27, ¶¶ 36, 67, 68). However, the undisputed evidence is that the alarm sounded. Joint testing performed by all experts, including plaintiffs' experts, has established unequivocally that the alarm sounded. Plaintiffs have no evidence to the contrary. Plaintiffs have no evidence that the smoke alarm sounded later than it should have sounded. Indeed, plaintiffs admit in their Amended Complaint that they were awake "moments before" the fire, that Marilyn Beavers was aware of the fire, and that Marilyn Beavers even attempted to extinguish the fire. (Doc. No. 27 at ¶¶ 34, 35 and 37).

The testing performed by all experts demonstrates the alarm sounded. Plaintiffs cannot dispute this. Crucially, plaintiffs cannot establish when the alarm

sounded. If a jury does not know when the alarm sounded, it could not possibly conclude that it was delayed in alarming.

Because plaintiffs' causes of action against BRK are premised on proving that the subject smoke alarm did not sound, this allegation must be established with proof in order to make a *prima facie* case. Undisputed evidence that the smoke alarm sounded is fatal to plaintiffs' *prima facie* case against BRK under any product liability theory. Because the undisputed evidence is that the smoke alarm sounded, plaintiffs cannot meet their burden of proof as to BRK, under any theory. BRK is entitled to judgment, as a matter of law.

B.  **Plaintiffs Cannot Establish Proximate Cause**

On each of their claims, plaintiffs have the burden of proving that any alleged defect in the smoke alarm was the proximate cause of the decedents' deaths. *See Mason*, 382 SW.3d at 719 (strict liability); *Cross v. W. Waste Ind. U.S.*, 469 S.W.3d 820, 825 (Ark. Ct. App. 2015) (negligence). Proximate cause is "that which in the natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." *Wal-Mart Stores, Inc. v. Kilgore*, 85 Ark. App. 231, 148 S.W.3d 754 (2004). The key element of causation cannot be left to a jury's speculation. *National Bank of Commerce v. Dow Chemical Company*, 169 F.3d at 607. If reasonable minds cannot differ as to the result, proximate cause is a question of law. *Dodd v. Sparks Regional Medical Center*, 90 Ark. App 191, 200, 204 S.W.3d 579 (2005).

As a threshold element, as stated previously, plaintiffs must establish that the smoke alarm's performance was substandard – that it somehow failed to sound. The undisputed evidence is to the contrary and establishes that the alarm sounded. But even if plaintiffs were able to establish that the alarm did not timely sound, which they cannot, to make a *prima facie* case and overcome summary judgment, plaintiffs must also establish that decedents would have survived if the smoke alarm had sounded or sounded sooner. *See Garcia v. BRK Brands, Inc.*, 266 F.Supp.2d 566 (S.D.Tex. 2003) (plaintiffs could not survive judgment because "jury would be left to guess whether a properly-functioning smoke detector would have alarmed in time to save [decedent]"); *Warner v. Pitway Corporation*, 90 F.Supp.2d 1018, 1027-1028 (W.D.Wis. 2000) (plaintiffs must prove that the smoke alarm's failure to sound a timely alarm was the substantial cause of their injuries).

Plaintiffs cannot meet their causation burden for two reasons: 1) Marilyn Beavers was admittedly aware of and alerted to the fire, and spent an unknown amount of time attempting to put the fire out; and, 2) there is no evidence as to how much time passed between any alleged alarm delay and the point the decedents became unconscious. There is no evidence that, prior to becoming unconscious, the decedents had insufficient time to escape the smoke/fire during the time Marilyn Beavers chose to try and extinguish the fire nor is there evidence they had insufficient time to escape at the point the alarm sounded.

Simply put, even if plaintiffs were able to establish a product defect, reasonable minds cannot differ as to the absence of causation. There is simply no

7

proof, beyond speculative argument, that decedents were unable to escape the apartment as a proximate result of a claimed alarm defect. Accordingly, plaintiffs cannot establish proximate cause.

## IV.   CONCLUSION

WHEREFORE, defendant, BRK Brands, Inc., prays that this Honorable Court grant its Motion for Summary Judgment on all counts of plaintiffs' Amended Complaints, and award it costs, fees, and all other relief this Court deems appropriate.

Respectfully submitted,

**WRIGHT, LINDSEY & JENNINGS, LLP**

By: /s/ *Kathryn A. Pryor*
    Kathryn Pryor (89206)
    200 W. Capitol Avenue, Suite 2300
    Little Rock, AR  72201-3699
    501-371-0808
    kpryor@wlj.com

*Attorneys for BRK Brands, Inc.*

*Of Counsel*:
James H. Heller, Esquire
**COZEN O'CONNOR**
1650 Market Street | Ste. 2800
Philadelphia, PA  19103
215-665-2189
jimheller@cozen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

| | |
|---|---|
| David A. Hodges | Shawn Childs |
| E. Dion Wilson | William M. Hatchett |
| Sheila Campbell | William Griffin |
| Teresa Wineland | John Wilkerson |
| John Walker | |

                                           /s/ *Kathryn A. Pryor*
                                              Kathryn A. Pryor