# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

FURLANDARE SINGLETON, Individually and as
Administrator of the Estate of DEQUAN SINGLETON,
SYNDI SINGLETON, AND HAYLEE SINGLETON,
Decedents; and CLYDE HATCHETT, Individually,
and as Administrator of the Estate of EMILY
BEAVERS, Deceased                                                              PLAINTIFFS

V.                            NO. 4:15-cv-00205-KGB

ARKANSAS HOUSING AUTHORITIES PROPERTY
& CASUALTY SELF-INSURED, Inc.(Specifically,
THE JACKSONVILLE HOUSING AUTHORITY, a/k/a
THE MAX HOWELL PLACE HOUSING PROJECTS);
EVANSTON INSURANCE COMPANY, an Illinois
Corporation; PHIL NIX, in His Individual and Official
Capacity as Executive Director of The Jacksonville
Housing Authority; CITY OF JACKSONVILLE;
BRK BRANDS, INC.; JACKSONVILLE FIRE DEPT;
WAYNE TAYLOR; LARRY HAMSHER; CHRIS
McDONALD; TONY SUTHERLAND; DEWAN
LEWIS;  JOHN DOES 1 - 50; and JANE DOES 1- 50                DEFENDANTS

AND

MARILYN LOUISE BEAVERS, Individually, and as
Administrator of the Estate of MARILYN BEAVERS,
DECEASED
                                                                                 PLAINTIFFS

V.

ARKANSAS HOUSING AUTHORITIES PROPERTY
& CASUALTY SELF-INSURED, INC. (Specifically,
THE JACKSONVILLE HOUSING AUTHORITY, a/k/a
THE MAX HOWELL PLACE HOUSING PROJECTS);
EVANSTON INSURANCE COMPANY, an Illinois
Corporation; PHIL NIX, in His Individual and Official

**Capacity as Executive Director of THE JACKSONVILLE
HOUSING AUTHORITY; BRK BRANDS, INC.;
CITY OF JACKSONVILLE; BRK BRANDS, INC.;
JACKSONVILLE FIRE DEPT; WAYNE TAYLOR;
LARRY HAMSHER; CHRIS McDONALD; TONY
SUTHERLAND; DEWAN LEWIS; and
JOHN DOES 1 - 10                                                                    DEFENDANTS**

### REPLY IN SUPPORT OF MOTION TO STRIKE AFFIDAVIT OF DANIEL GOTTUK AND TO EXCLUDE HIS TESTIMONY IN THIS MATTER

Plaintiff Marilyn Louise Beavers, Individually, and as Administrator of the Estate of Marilyn Beavers, deceased ("Beavers"), contends that her Motion to Strike the Affidavit of Daniel Gottuk and to exclude Mr. Gottuk from offering expert testimony in this matter (Docket No. 106), should be granted. Defendant BRK Brands, Inc. ("BRK) has filed a Response (Docket No. 112), and Defendants Arkansas Housing Authorities Property & Casualty Self-Insured Fund, Inc., Evanston Insurance Company, and Phil Nix ("the Housing Authority Defendants") have filed their Response (Docket No. 113).  The Housing Authority Defendants' submitted a Supplemental Affidavit of Mr. Gottuk with their Response to the present Motion to Strike, but because it suffers from the same flaws as Mr. Gottuk's original Affidavit, Plaintiff maintains that it should be stricken, and that Mr. Gottuck should not be allowed to testify in this matter. Beavers files this combined Reply to both Responses.

Defendants' Responses are full of assurances to the Court that the enhanced soot deposition ("ESD") method used by Mr. Gottuk is reliable and meets the requirements of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  It is notable, however, that neither the BRK, nor the Housing Authority Defendants can point to a single case where a court has held that the ESD methodology is reliable in the context of a Daubert motion.  In fact, nationwide case law search results on Westlaw for terms such as "enhanced soot deposition", "acoustic agglomeration" and acoustic soot agglomeration" come up with strikingly few results.  This lack of authority in and of itself is highly suggestive that, despite Defendants' contentions, the ESD method used by Mr. Gottuk is not sufficiently reliable.

Defendants seem to argue that the inclusion of ESD methods in NFPA 921, is somehow conclusive that Daniel Gottuk's opinions in this matter meet the requirements of Daubert.  The Eighth Circuit has previously stated as to NFPA 921, as follows:

> We have held NFPA 921 qualifies as "a reliable method endorsed by a professional organization," Fireman's Fund Ins. Co. v. Canon U.S.A., Inc., 394 F.3d 1054, 1058–59 (8th Cir.2005), but we have not held NFPA 921 is the *only* reliable way to investigate a fire. Our NFPA 921 cases stand for the simple proposition an expert who purports to follow NFPA 921 **must apply its contents reliably**. Presley v. Lakewood Eng'g, 553 F.3d 638, 645 (8th Cir.2009) (affirming the district court's exclusion of expert testimony because the expert "failed to follow … the standards he purported to

follow"); <u>Fireman's Fund,</u> 394 F.3d at 1060 (affirming the district court's exclusion of expert testimony because the expert "did not apply the principles and methods of NFPA 921 reliably to the facts of the case"). Accordingly, Giggy's testimony can only be excluded on NFPA 921 grounds if he purported to follow NFPA 921 but did not reliably apply it to the remains of the fire at the Russells' home.

<u>Russell v. Whirlpool Corp.</u>, 702 F.3d 450, 455 (8th Cir. 2012) (emphasis added).

It is further notable that Paragraph 6.2.10.3.5 of NFPA 921 states:

Investigators should keep in mind that acoustic smoke agglomeration deposits are persistent.  The presence of acoustic smoke agglomeration deposits may not necessarily indicate when the agglomeration occurred, without additional data.

See Exhibit G to BRK's Response, Docket No. 112-8 at p. 9.

This point is especially notable because even if Mr. Gottuk could reliably state that the subject smoke alarm sounded at the time of the fire (which Plaintiff does not concede), there is no way that he could state that the smoke alarm sounded in a manner and time that was sufficient to properly alert the occupants of the apartment of the fire in a timely manner as to allow them to escape.

Courts in other jurisdictions have stated that "it is foreseeable that a person could be hurt if a smoke detector fails to give notice for all to exit the house or if the warning is delayed because of a defect in the detector." <u>Dillard v. Pittway Corp.</u>, 719 So.2d 188, 192 (Ala.1998); see also <u>Weatherbee v.

Gustafson, 64 Wash. App. 128, 822 P.2d 1257 (1992) (summary judgment not granted because of factual dispute whether failure of smoke alarm to sound was proximate cause of injuries). The Second Circuit held in a case that plaintiffs "are entitled to have an opportunity to show that the alleged failure of the smoke detector to sound a timely alarm exposed them to an unreasonably dangerous condition, and that their damages are attributable to this alleged failure." Butler v. Pittway Corp., 770 F.2d 7, 10, 12 (2d Cir.1985) (applying New York law) ("Although the smoke detectors in [plaintiffs'] home did not cause the fire, had they sounded a timely alarm the fire may have been detected earlier and the alleged resulting damages and injuries may have been less severe.").

These cases illustrate the importance of determining whether a smoke alarm functioned in a timely and proper manner as to give sufficient warning to an occupant. Even if Mr. Gottuk's contention that the alarm sounded (which Beavers does not concede this method does so), the methodology simply cannot answer whether the alarm sounded in a timely and proper manner as to sufficiently alert Marilyn Beavers and her children of the fire. This method is unreliable and does not meet the "fit" prong of the Daubert requirements. Mr. Gottuk's Affidavit(s) and testimony should be excluded.

Finally, it is notable that many of the sources cited by Defendants' experts cite either their own work, or the work of the other Defense expert. For example, as for the attachments to Lori Streit's Affidavit, exhibits B and C were authored in part by her. Exhibit D is authored by others, but relies heavily upon the Dr. Streit's article from 2001 (which is Exhibit B to her Affidavit). Exhibit E is a student thesis which notes on the cover page that it was approved by Dr. Daniel Gottuk. And Exhibit F is an article by Mr. Gottuk. This circular reliance upon each others opinions supports Dr. Russell's contention that the number of scientific experiments and tests that have been conducted on the ESD method is extremely limited and have been primarily performed by a small group of researchers with vested and specific interest in the outcome of the tests.

For the reasons stated in her original Motion, and set forth in this Reply, Plaintiff asks the Court to strike the Affidavit of Daniel Gottuk, and to exclude his testimony in this matter.

**MARILYN LOUISE BEAVERS, Individually, and as Administrator of the Estate of MARILYN BEAVERS, Deceased, Plaintiff**

**By:    /s/ David Hodges**
**DAVID A. HODGES**
**Attorney at Law**
**212 Center Street, Fifth Floor**
**Little Rock, AR 72201-2429**
**Arkansas Bar No. 65021**
**Telephone: 501-374-2400**
**Facsimile:   501-374-8926**
**E-Mail: david@hodgeslaw.com**

**and**
**E. DION WILSON**
**Attorney at Law**
**423 Rightor Street**
**Helena, AR 72342**
**Telephone: 870-338-6487**
**Facsimile: 870-338-8030**

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. William M. Hatchett
Hatchett, DeWalt, Hatchett
485 Orchard Lake Road
Pontiac, MI 48341

Ms. Sheila Campbell
Attorney at Law
P.O. Box 939
North Little Rock, AR 72115

Mr. William Griffin
Friday, Eldredge Clark
400 W. Capitol Avenue, Suite 2000
Little Rock, AR 72201-3493

Mr. John Walker
Mr. Shawn Childs
Walker Law Firm
1723 Broadway
Little Rock, AR 72206

Ms. Teresa Wineland
Kutak Rock, LLP
124 W. Capitol Avenue, Suite 2000
Little Rock, AR 72201-3706

Mr. Baxter D. Drennon
Wright, Lindsey & Jennings
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201

Mr. John L. Wilkerson
Attorney at Law
301 W. 2nd Street
North Little Rock, AR 72115

Mr. E. Dion Wilson
Wilson & Associates
423 Rightor Street, Suite One
Helena, AR 72342-3219

Mr. James H. Heller
Cozen O'Conner
1900 Market Street
Philadelphia, PA 19103

Ms. Kathryn A. Pryor
Wright, Lindsey & Jennings
200 W. Capitol Avenue, Suite 2300
Little Rock, AR 72201

      **/s/ David Hodges**