IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| FURLANDARE SINGLETON, Individually and as Administrator of the Estate of Dequan Singleton, Syndi Singleton, and Haylee Singleton, Decedents; and CLYDE HATCHETT, Individually, and as Administrator of the Estate of Emily Beavers, Deceased | : <br> : <br> : Case No.:  4:15-CV-205-KGB <br> : <br> : <br> : <br> : <br> : |
| v. | : <br> : |
| ARKANSAS HOUSING AUTHORITIES PROPERTY & CASUALTY SELF-INSURED FUND, INC., *et al.* | : <br> : <br> : |

| | |
|---|---|
| MARILYN LOUISE BEAVERS, Individually, and as Administrator of the Estate of MARILYN BEAVERS, DECEASED | : <br> : <br> : <br> : <br> : |
| v. | : <br> : |
| ARKANSAS HOUSING AUTHORITIES PROPERTY & CASUALTY SELF-INSURED FUND, INC., *et al.* | : <br> : <br> : |

**BRK BRANDS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO SUPPLEMENT MOTION FOR LEAVE TO
SUPPLEMENT MOTION FOR EXTENSION OF TIME IN
<u>WHICH TO RESPOND TO MOTIONS FOR SUMMARY JUDGMENT</u>**

BRK Brands, Inc. ("BRK") responds and objects to plaintiff's motion to supplement as follows:

1. On May 17, 2016, plaintiff filed the first motion for leave to file a supplement to the motion for extension of time in which to respond to summary judgment motions.  [Doc. No. 105.]  Plaintiff sought to support the motion for extension with the affidavit of Don Russell, which plaintiff argued would dispute

1319286-v1

the affidavit of Daniel Gottuk attached to defendants' summary judgment motions. BRK responded and objected to this motion. [See Doc. No. 110.] For the reasons stated in BRK's response in opposition to plaintiff's original motion for leave to supplement, which BRK incorporates by reference and adopts, plaintiff's tag-along motion to supplement should likewise be denied.

2. In this new motion to supplement, plaintiff seeks to add a second affidavit of Don Russell wherein Mr. Russell makes claims pertaining to the design of BRK smoke alarms. However, this new affidavit does not establish good cause to support a summary judgment response extension because it does not refute the basis for the summary judgment motions – Daniel Gottuk's affidavit that the subject alarm did sound, and/or that, even if it did not sound or didn't sound timely, since Plaintiffs admit Plaintiffs were aware of the fire and attempted to extinguish the fire, there is no admissible evidence, only speculation, as to when Plaintiffs learned of the fire and/or whether they had sufficient time to exit the apartment if they did not attempt to extinguish the fire. In other words, Russell's affidavit does not defeat summary judgment – Plaintiff have no and will never have any evidence that anything the smoke alarm did or did not do, proximately caused any of their injuries or deaths.

3. As demonstrated in BRK's previous responses, the first summary judgment motion was filed by the Housing Authority defendants on January 11, 2016. BRK's motion followed. The sole basis for plaintiff's original motion for extension to respond was the alleged need to conduct an additional inspection of the subject smoke alarm in order to refute the affidavit of Mr. Gottuk. But, the new affidavit of Russell, which plaintiffs now seek to utilize, contains only Russell's

opinions on BRK smoke alarms which are not premised on an inspection of the subject alarm. In short, this motion is an attempt to backdoor an extremely late expert disclosure on the design of BRK smoke alarms without a good cause basis for not meeting the disclosure deadline and without an order extending the disclosure deadline to allow this report. On this ground alone, plaintiff's motion should be denied.

4. As previously stated, plaintiff also fails to demonstrate how the report will lead to facts which are "essential" to defeat summary judgment based on the grounds set forth in defendants' motions. See *Toben vs. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2010). (See also Doc. No. 69, p.3 and Doc No. 98, p.3). Even if the claims in Russell's new affidavit were true, which BRK denies, they do not demonstrate an issue of fact as it relates to proximate cause between the alleged failure of the subject smoke alarm (or the untimeliness of the sound) and the decedents' deaths in order to justify any further delay. See *Toben, supra*. See also *Garcia v. BRK Brands, Inc.*, 266 F.Supp.2d 566 (S.D. Tx. 2003); *Werner v. Pittway Corporation*, 90 F.Supp.2d 1018, 1027-1028 (W.D. Wis. 2000). [See also Doc. No. 110, pp. 3 and 4.] Instead, plaintiff's motion is nothing but an additional delay tactic to no end. An extension to allow this new affidavit will not provide any evidence, beyond a speculative argument, that decedents were unable to escape the apartment as a proximate result of a claimed defect within the smoke alarm. This new motion only crowds an already crowded field of motion upon motion by plaintiff and should be denied.

WHEREFORE, defendant, BRK Brands, Inc., respectfully request that plaintiff's motion to supplement motion for leave to file supplement to motion for

extension of time in which to respond to motions for summary judgment be denied; that plaintiff's original motion to supplement be denied; that plaintiff's original motion for extension of time in which to respond to motions for summary judgment be denied; that plaintiff's motion to extend the expert disclosure deadline and to supplement the motion to extend the expert disclosure deadlines be denied; and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

**WRIGHT, LINDSEY & JENNINGS, LLP**

By: /s/ *Kathryn A. Pryor*
    Kathryn Pryor (89206)
    200 W. Capitol Avenue, Suite 2300
    Little Rock, AR  72201-3699
    501-371-0808
    kpryor@wlj.com

    And

    James H. Heller, Esquire
    **COZEN O'CONNOR**
    1650 Market Street, Suite 2800
    Philadelphia, PA  19103
    215-665-2189
    jimheller@cozen.com

    *Attorneys for BRK Brands, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

David A. Hodges – david@hodgeslaw.com
E. Dion Wilson – edionwilson@gmail.com
Sheila Campbell – campbl@sbcglobal.net
Teresa Wineland – Teresa.wineland@kutakrock.com
John Walker – johnwalkeratty@aol.com
Shawn Childs – schilds@gabrielmail.com
William M. Hatchett – w.hatchett@hatchettlawfirm.com
William Griffin – griffin@fridayfirm.com
Edie Ervin – Ervin@fridayfirm.com
John Wilkerson – jwilkerson@arml.org

                          /s/ *Kathryn A. Pryor*
                             Kathryn A. Pryor