IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| FURLANDARE SINGLETON, Individually and as Administrator of the Estate of Dequan Singleton, Syndi Singleton, and Haylee Singleton, Decedents; and CLYDE HATCHETT, Individually, and as Administrator of the Estate of Emily Beavers, Deceased | PLAINTIFFS |
| v.    Case No.:  4:15-CV-205-KGB | |
| ARKANSAS HOUSING AUTHORITIES PROPERTY & CASUALTY SELF-INSURED FUND, INC., *et al.* | DEFENDANTS |
| MARILYN LOUISE BEAVERS, Individually and as Administrator of the Estate of MARILYN BEAVERS, DECEASED | PLAINTIFFS |
| v. | |
| ARKANSAS HOUSING AUTHORITIES PROPERTY & CASUALTY SELF-INSURED FUND, INC., *et al.* | DEFENDANTS |

**<u>DEFENDANTS' JOINT STATUS REPORT</u>**

Separate Defendants Arkansas Housing Authorities Property & Casualty Self-Insured Fund, Inc., Evanston Insurance Company, Phil Nix,[1] City of Jacksonville, Arkansas; Jacksonville Fire Department, Dewan Laws, Larry Hamsher, Chris McDonald, Tony Southerland, Wayne Taylor,[2] and BRK

---

[1] Arkansas Housing Authorities Property & Casualty Self-Insured Fund, Inc., Evanston Insurance Company, and Phil Nix are collectively referred to as "the Housing Authority Defendants."

[2] City of Jacksonville, Arkansas, Jacksonville Fire Department, Dewan Laws, Larry Hamsher, Chris McDonald, Tony Southerland, Wayne Taylor are collectively referred to as "the City Defendants."

1

Brands, Inc. ("BRK") file this Status Report in accordance with the Court's Final Scheduling Order.

1. Settlement prospects are remote. No settlement conference is requested at this time.

2. A hearing and status conference before this Honorable Court is needed, and therefore requested, to resolve a number of issues causing this case to remain at a standstill for the past seven (7) months.

3. The issues are presented in a variety of pending motions which are before the Court and ripe for the Court's consideration. Until the pending motions are ruled on, the parties cannot determine what additional discovery will be permitted or is necessary, know what claims are in the case, know whether late expert disclosures will be permitted, know whether further dispositive or *Daubert* motions will be necessary, or know whether the case will be narrowed in terms of claims and parties.

4. BRK and the Housing Authority Defendants have filed motions for summary judgment on the merits.[3] The Housing Authority Defendants filed their motion for summary judgment on the merits on January 6, 2016; BRK filed its motion on March 28, 2016. Thus far, Plaintiffs have not responded to either motion, although they managed to file a *Daubert* challenge to defense expert Dan Gottuk who tested the subject smoke alarm and confirmed that it sounded during this fire. Plaintiffs have filed multiple motions seeking to avoid

---

[3] Doc. Nos. 56 and 88. There are also other pending motions which, if granted, would eliminate party Defendants. *See, e.g.*, Doc. Nos. 17 and 20.

responding to summary judgment motions or making expert disclosures, all opposed by the defense.

After the merits summary judgment motion was filed, Plaintiffs filed a motion for leave to amend their Complaint to add additional claims against the Housing Authority Defendants.[4] The House Authority Defendants opposed the motion based on futility.[5] While amendment should be denied, if they are permitted, the addition of new claims will require a dispositive motion to eliminate legally and factually meritless claims.

A number of motions are pending related to discovery issues. Two issues relate to Plaintiffs' request for additional testing of the subject smoke alarm or for production of an exemplar smoke alarm, strenuously opposed by the defense.[6]

5. For the Housing Authority Defendants and BRK, a critical issue relates to the smoke alarm installed in the Beavers' unit. Plaintiffs cannot meet their burden of proof with respect to any of their claims related to the smoke alarm in this case.

Defendants contend that the fact that Ms. Beavers was awake and aware of the fire makes the smoke alarm irrelevant. In any event, testing of the smoke alarm confirms that it sounded in response to this fire, a finding corroborated by physical evidence at the scene and unrebutted by Plaintiffs with any admissible testimony. The factual issues related to the smoke alarm

---

[4] Doc. No. 68.
[5] Doc. No. 73.
[6] Doc. Nos. 75 and 95.

3

are potentially dispositive of Plaintiffs' claims against these Defendants. If not dispositive, such issues still need to be resolved to focus remaining discovery and to eliminate unnecessary proof at trial.

These Defendants presented the smoke alarm issue to the Court early in the case on summary judgment motions in an effort to resolve the case against them economically and expeditiously. Plaintiffs have failed to present any evidence that the smoke alarm failed to sound timely in this case, but instead attack the method defense used by expert Dan Gottuk to confirm the smoke alarm sounded in this fire. Plaintiffs' motion should be denied, but even assuming, arguendo, that it has some merit, it doesn't defeat summary judgment, since Plaintiffs admit Ms. Beavers was awake during the fire and attempted to extinguish it. Thus, Plaintiffs have no evidence that any alleged failure of the smoke alarm proximately caused the death of any decedent. Plaintiffs, not Defendants, have the burden of proof on this issue.

The Court should take up and resolve any and all pending motions related to the smoke alarm issue before considering and establishing new case deadlines for remaining discovery, motions, or setting a new trial date. *See*, *e.g.*, Fed. R. Civ. P. 26(c) (describing various case management options).

6. The parties appear to be in agreement that additional discovery will be necessary in the case and that such discovery cannot be completed until the Court rules on all pending motions. Until the pending motions are ruled on, the parties cannot determine what additional discovery will be required, know whether new claims will be permitted (over Defendants' objection) that may

merit additional discovery, or know whether late expert disclosures will be permitted that will require expert discovery. Thus, Defendants have in separate filings requested that the Court hold in abeyance Plaintiffs' Motion to Extend the Discovery Deadline (Doc. No. 125) until the pending motions are resolved and the parties can be heard on the scope of additional discovery and how long it will take to complete. (*See* Docs. No. 131 and 132)

7. Estimating the length of trial at this point is difficult. For example, Plaintiffs have not provided any expert reports (and therefore Defendants are unable to finalize their experts or complete expert reports) and it is unresolved whether Plaintiffs will be permitted, over defense objections, to expand their claims for relief in this matter. In the event this case is not disposed of by summary judgment, as Defendants contend it should be, and all Defendants remain in the case, the parties estimate it may take 10-15 days to complete a jury trial in this matter.

8. Defendants further submit that in order to facilitate "the just, speedy, and inexpensive disposition of the action," Fed. R. Civ. P. 16(c)(2)(P), the Court should utilize the various case management options at its disposal. *See*, *generally*, Fed. R. Civ. P. 16(c)(2). The fairest, most expeditious and economical way to proceed is as follows:

    (a)    Take up and resolve Plaintiffs' Motion for Leave to Amend, which the Housing Authority Defendants strenuously oppose, so the parties know what claims are in the case. The Housing Authority Defendants contends that such claims are completely

without merit, factually and legally frivolous, but will have to file a new dispositive motion if such claims are permitted. Moreover, the parties cannot begin to know what additional discovery will be required until this issue is resolved.

(b) Take up and resolve all dispositive issues related to the smoke alarm in this case, including any related motions. If not dispositive, it will narrow and focus the case. *See, e.g.,* Fed. R. Civ. P. 16(c)(2) (giving the Court the authority to determine the appropriateness and timing of summary adjudication).

(c) Take up and resolve the issues related to whether Plaintiffs will be permitted to make late expert disclosures and, if so, establish a firm deadline for doing so. In no event should Defendants be permitted less than sixty (60) days after receipt of Plaintiffs' expert reports to submit defense expert reports.

(d) Only after the Court rules on the pending motions described in (a) through (c) will the parties will be able to make any meaningful estimate of what discovery remains and how long it will take to complete and establish a deadline for the parties to simultaneously submit a detailed proposal for remaining discovery and new deadlines.

(e) Amend the Final Scheduling Order to set any necessary deadlines, including new discovery deadlines (to include detailed deadlines for any remaining factual discovery, expert reports

and expert depositions (if permitted), a new dispositive and *Daubert* motion deadline, pretrial deadlines, and a new trial date.

9. Given the posture of the case, the October 3, 2016 trial date is untenable. The case should be removed from the Court's trial calendar and all associated deadlines suspended until there is a ruling on all pending motions. Defendants request that the Court wait to reschedule a new trial date, discovery, motion and other deadlines until the pending motions are resolved since that may narrow the claims and parties in the case and will inform necessary remaining discovery and the length of the trial.

If a trial is necessary involving all current parties, this case involves one out-of-state defense counsel, one out-of-state party defendant, and, likely, several out-of-state testifying experts. Therefore, Defendants respectfully request a first-out trial setting that will permit a ruling on the current, as well as any future summary judgment and *Daubert* motions sufficiently in advance of the trial date to avoid Defendants being forced to expend significant amounts of money preparing for trial that will be wasted if summary judgment is granted. Proceeding in this fashion will help "secure the just, speedy, and inexpensive determination of this action" contemplated by Fed. R. Civ. P. 1.

10. Defendants respectfully request a hearing with the Court for the purpose of addressing and resolving the pending motions and any other issues necessary to get this case resolved fairly and expeditiously.

WHEREFORE, Defendants Arkansas Housing Authorities Property & Casualty Self-Insured Fund, Inc., Evanston Insurance Company Phil Nix, City of Jacksonville, Arkansas, Jacksonville Fire Department, Dewan Laws, Larry Hamsher, Chris McDonald, Tony Southerland, Wayne Taylor and BRK Brands, Inc. submit this Status Report in compliance with this Court's Final Scheduling Order and respectfully request the relief requested herein and all other just and proper relief to which they may be entitled.

    Respectfully submitted,

    */s/ John L. Wilkerson*
    John L. Wilkerson, ABA 2008046
    Attorney at Law
    P.O. Box 38
    North Little Rock, AR 72115
    T: (501) 978-6136
    F: (501) 978-6567
    jwilkerson@arml.org

    *Attorneys for City of Jacksonville, Jacksonville Fire Department, D. Laws, L. Hamsher, C. McDonald, T. Southerland, and W. Taylor*

    AND

    */s/ Kathryn A. Pryor*
    Kathryn A. Pryor (#89206)
    Baxter D. Drennon (#20101427)
    WRIGHT, LINDSEY & JENNINGS LLP
    200 West Capitol Avenue, Suite 2300
    Little Rock, AR 72201-3699
    (501) 371-0808
    kpryor@fridayfirm.com
    bdrennon@fridayfirm.com

    *Attorneys for Defendant BRK Brands, Inc.*

    AND
    */s/ Teresa Wineland*

Teresa Wineland (#81168)
KUTAK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, AR 72201-3706
(501) 975-3145
teresa.wineland@kutakrock.com

*Attorneys for Defendant Evanston Insurance Company*

AND

*/s/ Edie R. Ervin*
Edie R. Ervin (#93198)
William M. Griffin III (#82069)
FRIDAY ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201-3522
(501) 376-2011
griffin@fridayfirm.com
eervin@fridayfirm.com

*Attorneys for Defendants, Arkansas Housing Authorities Property & Casualty Self-Insured Fund, Inc., Phil Nix and Evanston Insurance Company*

**CERTIFICATE OF SERVICE**

  I, Edie R. Ervin, hereby certify that a copy of the foregoing pleading has been filed using the CM/ECF Filing System on this 3rd day of August, 2016, and the Clerk of Court shall serve a copy upon the following counsel of record:

David Hodges
david@hodgeslaw.com

Sheila F. Campbell
campbl@sbcglobal.net

Dion Wilson
edionwilson@gmail.com

John W. Walker
johnwalkeratty@aol.com

Shawn G. Childs
schilds@gabrielmail.com

A true and correct copy of the foregoing pleading has been served upon the following counsel of record via U.S. Mail on this same date:

William M. Hatchett
Hatchett, DeWalt & Hatchett, PLLC
485 Orchard Lake Road
Pontaic, MI 48341
w.hatchett@hatchettlawfirm.com

              /s/ *EDIE R. ERVIN*
              Edie R. Ervin (#93198)
              FRIDAY ELDREDGE & CLARK
              400 West Capitol, Suite 2000
              Little Rock, AR 72201-3522