IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| **FURLANDARE SINGLETON, Individually** and as Administrator of the Estate of Dequan Singleton, Syndi Singleton, and Haylee Singleton, Decedents; and **CLYDE HATCHETT, Individually,** and as Administrator of the Estate of Emily Beavers, Deceased | | **PLAINTIFFS** |
| v. | Case No.:  4:15-CV-205-KGB | |
| **ARKANSAS HOUSING AUTHORITIES PROPERTY & CASUALTY SELF-INSURED FUND, INC.,** *et al.* | | **DEFENDANTS** |
| **MARILYN LOUISE BEAVERS, Individually** and as Administrator of the Estate of **MARILYN BEAVERS, DECEASED** | | **PLAINTIFFS** |
| v. | | |
| **ARKANSAS HOUSING AUTHORITIES PROPERTY & CASUALTY SELF-INSURED FUND, INC.,** *et al.* | | **DEFENDANTS** |

**THE HOUSING AUTHORITY DEFENDANTS'
PRETRIAL DISCLOSURE SHEET**

Come now Separate Defendants Arkansas Housing Authorities Property & Casualty Self-Insured Fund, Inc., Jacksonville Housing Authority, Evanston Insurance Company, and Phil Nix ("The Housing Authority Defendants"), by and through their attorneys, and respectfully submit their Pretrial Disclosure Sheet pursuant to Federal Rule of Civil Procedure 26(a)(3) and Local Rule 26.2, stating as follows:

**(1) The identity of the party submitting the information.**  Arkansas Housing Authorities Property & Casualty Self-Insured Fund, Inc., Jacksonville Housing

Authority, Evanston Insurance Company, and Phil Nix ("The Housing Authority Defendants").

**(2) The names, addresses, and telephone numbers of all counsel for the party.**

William M. Griffin III (#82069)  
FRIDAY, ELDREDGE & CLARK, LLP  
400 West Capitol Ave., Suite 2000  
Little Rock, AR 72201  
Phone: (501) 370-1515  
Fax: (501) 244-5327  
griffin@fridayfirm.com

Kimberly D. Young (#2003124)  
FRIDAY, ELDREDGE & CLARK, LLP  
400 West Capitol Ave., Suite 2000  
Little Rock, AR 72201  
Phone: (501) 370-1429  
Fax: (501) 244-5329  
kyoung@fridayfirm.com

**(3) A brief summary of claims and relief sought.** Plaintiffs' negligence claim against the Housing Authority Defendants arises from an apartment fire that resulted in the deaths of Ms. Marilyn Beavers and her four children by smoke inhalation. Plaintiffs contend that the Housing Authority Defendants breached a duty to ensure properly working and accessible smoke alarms/detectors were properly installed in the apartment unit. Plaintiffs seek compensatory and punitive damages.

**(4) Prospects for settlement.** Settlement prospects are remote.

**(5) The basis for jurisdiction and objections to jurisdiction.** The Housing Authority Defendants have no objections to the Court's jurisdiction. Plaintiff's Amended Complaint alleges violations claiming failure to train pursuant to 42 U.S.C.A. § 1983. The case was removed pursuant to 28 U.S.C. § 1441(a), which allows a defendant to remove civil actions when such actions are within the original jurisdiction of the federal court. Original federal question jurisdiction is vested in the federal courts under 28 U.S.C. § 1331 regarding cases "arising under" the Constitution and laws of the United States.

**(6) A list of pending motions.**

| ECF No. | Date Filed | Motion |
|---|---|---|
| 17 | 04/10/2015 | Phil Nix's Motion for Summary Judgment (on immunity) |
| 20 | 04/10/2015 | Jacksonville Housing Authority's Motion for Summary Judgment (on immunity) |
| 56 | 01/11/2016 | Housing Authority Defendants' Motion for Summary Judgment (on the merits) |
| 65 | 01/25/2016 | Plaintiff's Motion for Extension of Time to Respond to the Housing Authority's MSJ (ECF No. 56) |
| 68 | 01/28/2016 | Plaintiff's Motion to Amend Complaint |
| 75 | 02/26/2016 | Plaintiff's Motion to Approve Testing of Smoke Alarm |
| 76 | 02/26/2016 | Plaintiff's Motion to Extend Time to File Expert Reports |
| 87 | 03/11/2016 | The City Defendants' Motion for Relief to Adopt Response in Opposition to Motion for Testing of Smoke Alarm |
| 88 | 03/28/2016 | BRK's Motion for Summary Judgment |
| 91 | 04/07/2016 | Housing Authority Defendants' Motion to Determine Sufficiency of Plaintiff's Objections and Answers to Requests for Admission |
| 93 | 04/08/2016 | Plaintiff's Motion for Extension of Time to Respond to All Pending MSJs |
| 95 | 04/15/2016 | Plaintiff's Motion to Produce (exemplar smoke detector) |
| 103 | 05/13/2016 | Housing Authority Defendants' Motion to File Sur Reply in Opposition to Plaintiff's Motion for Production |
| 104 | 05/17/2016 | Plaintiff's Motion to File Supplemental Motion for Extension of Time to File Expert Reports |
| 105 | 05/17/2016 | Plaintiff's Motion for Leave to File Supplement to Motion for Extension of Time to Respond to All Pending MSJs |
| 106 | 05/18/2016 | Plaintiff's Motion to Strike Affidavit of Dan Gottuk |

|     |            | and to Exclude His Testimony |
|-----|------------|------------------------------|
| 119 | 06/06/2016 | Motion to Supplement Motion for Leave to File Supplement to Motion for Extension of Time to Respond to All Pending MSJs |
| 123 | 07/12/2016 | Defendants' Conditional Motion to Extend Time for Defense Expert Disclosures and Discovery |
| 124 | 07/19/2016 | BRK's Motion to Supplement Motion for Summary Judgment |
| 125 | 07/20/2016 | Plaintiff's Motion to Extend Discovery Cut-Off |
| 127 | 07/27/2016 | Defendants' Conditional Motion for Extension of Time to File Motions |
| 135 | 08/03/2016 | The City Defendants' MSJ |
| 144 | 08/17/2016 | Motion for Extension of Time to File Response to City Defendants' MSJ by Clyde Hatchett and Furlandare Singleton |
| 145 | 08/22/2016 | Motion for Extension of Time to File Reply in Support of MSJ |

**(7) A concise summary of the facts.** On January 4, 2007, Marilyn Beavers entered into a residential lease agreement with the Jacksonville Housing Authority to rent Apartment 3-A, located on South Simmons Street, in Jacksonville, Arkansas. The lease was in effect on March 21-22, 2012, when a fire broke out in the apartment that caused the deaths of Ms. Beavers and her four children by smoke inhalation.

At the time of the fire, a smoke alarm was installed in Ms. Beavers' apartment. It was the regular practice of Jacksonville Housing Authority to check the smoke alarm when performing maintenance on the apartment units. On January 26, 2012 and December 20, 2011, the smoke alarm installed in Ms. Beavers apartment was checked and determined to be in working order.

4

Sometime after 2:00 a.m. on March 22, 2012, a fire ignited in Ms. Beavers' apartment. Ms. Beavers was awake and attempted to extinguish the fire, sustaining burns on her hands, arms, forehead, and neck in the process. It is undisputed that Ms. Beavers recognized and attempted to extinguish the fire.

Plaintiffs contend that the smoke alarm located in the hallway of the apartment did not sound. On December 7, 2015, the smoke alarm from the Beavers' apartment was inspected in the presence of counsel for all parties and their expert witnesses. Daniel T. Gottuk, who has a Ph.D. in mechanical engineering and is an expert in fire detection and fire dynamics, was present for the Housing Authority Defendants. In his expert opinion, based on accepted methodology, the smoke alarm in Ms. Beavers' apartment sounded at the time of the fire after which it was displaced from the ceiling and fell to the floor.

All scientific evidence clearly shows that the alarm in Ms. Beavers' unit sounded on the night of the fire.

**(8) All proposed stipulations.** The Housing Authority Defendants propose the following stipulations:

- On January 4, 2007, Marilyn Beavers entered into a residential lease agreement with the Jacksonville Housing Authority to rent Apartment 3-A, located on South Simmons Street, in Jacksonville, Arkansas.

- The lease was in effect on March 21-22, 2012, when a fire broke out in the apartment that caused the deaths of Ms. Beavers and her four children by smoke inhalation.

- At the time of the fire, a smoke alarm was installed in Ms. Beavers' apartment.

- It was the regular practice of Jacksonville Housing Authority to check the smoke

5

alarm when performing maintenance on the apartment units.

- On January 26, 2012 and December 20, 2011, the smoke alarm installed in Ms. Beavers apartment was checked and determined to be in working order.

- Sometime after 2:00 a.m. on March 22, 2012, a fire ignited in Ms. Beavers' apartment.

- Ms. Beavers was awake and attempted to extinguish the fire, sustaining burns on her hands, arms, forehead, and neck in the process.

- Ms. Beavers was legally intoxicated at the time of the incident.

- The Jacksonville Housing Authority is a municipal entity.

**(9) The issues of fact expected to be contested.** Plaintiffs have not filed a response to the Housing Authority Defendants' Motion for Summary Judgment, nor have they otherwise come forward with any evidence to dispute the facts as set forth therein. While Plaintiffs claim in their Complaint that the smoke detector/alarm located in the hallway of the apartment did not sound, these Defendants cannot say they expect that fact to be contested because Plaintiff has produced no scientific evidence to contest it.

**(10) The issues of law expected to be contested.** If and when Plaintiffs respond to the Housing Authority Defendants' Motion for Summary Judgment, these Defendants expect that the Plaintiffs may contest the scope of the duty owed by the Housing Authority Defendants to the Plaintiffs, a question of law to be determined by the Court.

**(11) A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in**

6

**opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

**Exhibits these Defendants expect to offer:**

- Tenant File of Marilyn Beavers;
- Coroner Reports for each of the deceased;
- Jacksonville Fire Department Investigation File;
- Jacksonville Police Department Records;
- Photographs by Jacksonville Fire Department;
- Photographs by Jacksonville Police Department;
- Photographs by James Caton;
- Photographs by Dan Gottuk;
- Photographs of Hugh Graham;
- Photographs by Lori Streit;
- CV of James Caton;
- CV of Dan Gottuk;
- CV of David Icove;
- CV of Dr. Henry Simmons, Jr.;
- Work Orders;
- Arkansas Child Support Enforcement records regarding Clyde Hatchett;
- Arkansas Child Support Enforcement records regarding Furlandare Singleton;

- Arkansas State Crime Lab Records;

- Items stored by the Jacksonville Fire Department and/or Police Department;

- Property Damage Photographs;

- Furlandare Singleton social website registrations (exhibits to his deposition);

- Keyona Bondurant online blogs (exhibits to Furlandare Singleton's deposition);

- Video of cooking oil and water fire demonstration;

- Fire and smoke analysis by David Icove;

- Exemplar of smoke detector;

- Subject smoke detector;

- Cooking pot involved in the fire.

**Exhibits these Defendants may offer:**

- Any exhibit to any deposition taken in this matter;

- Any document or photograph produced by any party in this matter;

- Deposition excerpts of any deponent not present at trial;

- Articles or videos regarding fire and/or deaths;

- Any document, video, or photograph relied upon by any expert in this matter;

- Any written or recorded statements.

**(12)  The names, addresses and telephone numbers of witnesses for the party.  Separately identify witnesses whom the party expects to present and those whom the party may call.  Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

**Witnesses these defendants expect to offer:**

- Plaintiffs;
- David Gates, Representative from Jacksonville Housing Authority;
- James Caton;
- Dan Gottuk;
- Dr. Henry Simmons, Jr.;
- David Icove;
- Hugh Graham;
- Cassie Blackerby, Detective;
- Mike Williams, Fire Marshall;
- Tom Vanholven;
- Bobby Snow;
- Monica Williams;
- Jason Evans, Detective;
- Marlon Braxton;
- Tamera Braxton;
- George Beavers;
- Keyona Bondurant;
- Dr. Frank Peretti;
- Stephan Ray;
- Gerone Hobbs;
- Phil Nix.

**Witnesses these Defendants may offer:**

- Any witness identified by any party in this matter;

- Lori Streit;

- Any person deposed in this matter;

- Any person who has provided a written or recorded statement to authorities or investigators in this matter;

- Any person involved in the investigation of the fire, including, but not limited to, personnel of the Jacksonville Fire Department, personnel of the Jacksonville Police Department, Fire Marshall, etc.

(13) **The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.** The parties appear to be in agreement that a ruling by the Court on the pending motions is necessary to focus the remaining discovery. Until the pending motions are ruled on, the parties cannot determine what additional discovery will be required, know whether new claims by Plaintiffs will be permitted that merit additional discovery, or know whether late expert disclosure will be permitted that would require expert discovery. Only after the Court rules on the pending motions listed herein will the parties be able to make a meaningful estimate of what discovery remains and how long it will take to complete it. *See* Defendants' Joint Status Report, Aug. 3, 2015, ECF No. 133 for a full discussion of this issue.

(14) **An estimate of the length of trial and suggestions for expediting disposition of the action.** Estimating the length of trial at this stage is similarly

difficult. For example, Plaintiffs have not provided any expert reports (and therefore Defendants are unable to finalize their experts or complete expert reports), and it is unresolved whether Plaintiffs will be permitted, over defense objections, to expand their claims for relief in this matter. In the event this case is not disposed of by summary judgment as Defendants contend it should be, these Defendants estimate it may take 10-15 days to complete a jury trial in this matter.

    Respectfully submitted,

    William M. Griffin III (#82069)
    Kimberly D. Young (#2003124)
    FRIDAY, ELDREDGE & CLARK, LLP
    400 West Capitol Ave., Suite 2000
    Little Rock, AR 72201
    Phone: (501) 370-1429
    Fax: (501) 244-5329
    griffin@fridayfirm.com
    kyoung@fridayfirm.com

    */s/ William M. Griffin III*
    William M. Griffin III

    *Attorneys for Defendants Arkansas Housing Authorities Property & Casualty Self-Insured Fund, Inc., Jacksonville Housing Authority, and Phil Nix*

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that a copy of the foregoing has been filed using the CM/ECF filing system on this 12th day of September, 2016, on the following counsel of record:

| | |
|---|---|
| David Hodges<br>david@hodgeslaw.com | Baxter Drennon<br>bdrennon@wlj.com |
| Dion Wilson<br>edionwilson@gmail.com | Sheila F. Campbell<br>campbl@sbcglobal.net |
| John W. Walker<br>johnwalkeratty@aol.com | John L. Wilkerson<br>jwilkerson@arml.org |
| Shawn G. Childs<br>schilds@gabrielmail.com | Teresa Wineland<br>teresa.wineland@kutakrock.com |
| Kathryn Pryor<br>kpryor@wlj.com | James H. Heller<br>jimheller@cozen.com |

A true and correct copy of the foregoing pleading has been served upon the following counsel of record via U.S. Mail on this same date:

William M. Hatchett
Hatchett, DeWalt & Hatchett, PLLC
485 Orchard Lake Road
Pontiac, MI  48341
w.hatchett@hatchettlawfirm.com

                                                */s/ William M. Griffin III*
                                                William M. Griffin III