IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| FURLANDARE SINGLETON, Individually and as Administrator of the Estate of Dequan Singleton, Syndi Singleton, and Haylee Singleton, Decedents; and CLYDE HATCHETT, Individually, and as Administrator of the Estate of Emily Beavers, Deceased | PLAINTIFFS |
| v.  Case No.: 4:15-CV-205-KGB | |
| ARKANSAS HOUSING AUTHORITIES PROPERTY & CASUALTY SELF-INSURED FUND, INC., *et al.* | DEFENDANTS |
| MARILYN LOUISE BEAVERS, Individually and as Administrator of the Estate of MARILYN BEAVERS, DECEASED | PLAINTIFFS |
| v. | |
| ARKANSAS HOUSING AUTHORITIES PROPERTY & CASUALTY SELF-INSURED FUND, INC., *et al.* | DEFENDANTS |

**THE HOUSING AUTHORITY DEFENDANTS' RESPONSE TO PLAINTIFF MARILYN BEAVERS' MOTION FOR RECONSIDERATION AS TO REQUIREMENT THAT COUNSEL FOR MARILYN BEAVERS PAY EXPERT EXPENSES FOR DEFENDANTS' EXPERTS TO ATTEND EXAMINATION**

Come now Separate Defendants Arkansas Housing Authorities Property & Casualty Self-Insured Fund, Inc. and Evanston Insurance Company, ("The Housing Authority Defendants"), and respectfully submit their Response to Plaintiff Marilyn Louise Beavers' Motion for Reconsideration As to Requirement That Counsel for Marilyn Beavers Pay Expert Expenses for Defendants' Experts to Attend Examination

(ECF No. 162).

## INTRODUCTION

Plaintiff Beavers' motion for reconsideration asks the Court to alter the conditions for additional product testing – conditions to which Plaintiff Beavers has already expressly agreed. *See* ECF No. 159, "Notice of Election by Marilyn Louise Beavers, Administrator, to Pursue Additional Testing Under the Court's Conditions." Plaintiff's motion should be summarily denied.

## FACTUAL AND PROCEDURAL HISTORY

In March of 2015, the Defendants, led by BRK, started the process to attempt to reach consensus on a smoke alarm exam protocol. (ECF No. 48-1, at 10). On March 11, 2015, counsel for BRK sent a letter to all counsel notifying them that an inspection of the smoke alarm would take place on April 16, 2015. *Id.*, at 10. On March 20, 2015, BRK's counsel proposed a protocol for nondestructive and destructive testing, stating that she hoped the destructive testing would not be necessary. *Id.*, at 1-2. On April 1, 2015, counsel for BRK sent a letter to all counsel indicating that plaintiffs had not objected to the proposed protocol and that "[i]f we do not hear from you by April 2, 2015, we will move forward with the understanding that you do not object to the protocol for the April 16 inspection." *Id.*, at 5. Counsel for Plaintiff Beavers opposed the protocol proposed by BRK, "particularly as to the destructive portion of it." *Id.*, at 7.

Although the smoke alarm testing was scheduled for April 16, 2015, this testing was ultimately canceled due to Plaintiff Beavers' objections. (ECF No. 86, at 4). Counsel for the Housing Authority Defendants and BRK both wrote to Plaintiff

Beavers' counsel to advise him that their experts had made flight arrangements and that travel costs would be forfeited if the testing did not go forward. (ECF No. 48-1, at 9-10). BRK's counsel also invited Plaintiff's counsel to have his experts submit their own testing proposal. *Id.*, at 11. Counsel for Plaintiff Beavers' only response was to seek a hearing. *Id.*, at 12.

On October 23, 2015, still unable to negotiate any agreement with Plaintiff's counsel, BRK filed a motion "to inspect the subject smoke alarm to determine whether it sounded" and included a proposed protocol for the inspection. (ECF No. 46, ¶ 2). As BRK explained in that motion, destructive testing would only be necessary if non-destructive testing was not sufficient to reveal whether the smoke alarm sounded. *Id.*, at ¶ 3. Counsel for Plaintiff Beavers, as he had in the past, continued to oppose any destructive testing. (ECF No. 48, ¶5) ("Plaintiff strongly objects to any destructive examination, destructive testing, or any other destructive means that Defendants may want to impose on the smoke alarm under the currently proposed Smoke Alarm Exam Protocol.").

Before the Court ruled on BRK's motion, the parties agreed to conduct a non-destructive examination of the smoke alarm on December 7, 2015. (ECF 75, ¶ 1). Experts for BRK and the Housing Authority Defendants determined, based on the soot deposition patterns, that the alarm had sounded. Neither Plaintiffs nor their experts gave any indication during or after the December 7, 2015 inspection that they believed additional testing was needed.

On January 11, 2016, the Housing Authority Defendants filed a motion for

summary judgment contending that the fact the smoke alarm sounded was dispositive of all claims against them. (ECF Nos. 56-58). In a response filed on January 25, 2016, Plaintiffs sought to delay until August 2016 their time to respond to the summary judgment motion. (ECF No. 65). Again Plaintiffs gave no indication they thought additional testing was necessary. *Id*.

The first notice Defendants had that Plaintiff Beavers' counsel changed his mind and wanted destructive testing was on receipt of a letter dated February 16, 2016. (ECF No. 76-1). Plaintiff's counsel failed, however, to state why he believed further testing was necessary or to provide a proposed protocol for such testing. *Id*. Counsel for the Housing Authority Defendants wrote to Plaintiff's counsel, seeking this information, (ECF No. 86-1), but received no response. Instead, on February 29, 2016, Plaintiffs filed a motion for testing, in which she argued that further inspection of the smoke alarm and junction box is necessary to determine whether the alarm functioned properly. (ECF No. 75). In her motion, Plaintiff Beavers also sought to power up an exemplar smoke alarm purportedly in the possession and control of the manufacturer. *Id*., at ¶ 6. The Defendants each opposed the Plaintiff's motion for additional testing. (ECF Nos. 82, 86, 87).

On September 30, 2016, this Court entered an Order addressing several discovery disputes. (ECF No. 156). In this Order, the Court granted Plaintiff Beavers' motion for additional product testing but only under certain conditions, and only if the Plaintiff consented to such conditions:

[T]he Court grants Ms. Beavers' motion for testing under the following

4

> conditions. Ms. Beavers' request to test an exemplar is denied. **Furthermore, counsel for Ms. Beavers is required to pay all of defendants' reasonable costs for expert witnesses related to the additional testing.** If a dispute over costs arises, the parties may move for a hearing on the issue. The Court directs that the testing be recorded by a professional videographer so that there will be a permanent record of such testing since it cannot be replicated and that all parties will share equally in this expense.
>
> Within seven days of the entry of this Order, **Ms. Beavers is directed to notify the Court as to whether she intends to pursue additional testing under these conditions.**

(ECF No. 156, 13) (emphasis added). On October 7, 2016, Plaintiff filed a "Notice of Election by Marilyn Louise Beavers, Administrator, to Pursue Additional Testing Under the Court's Conditions." (ECF No. 159). Therein, Plaintiff Beavers stated, "Pursuant to the directions of the Court, in an Order filed September 30, 2016, Marilyn Louise Beavers, Administrator, intends to pursue additional testing **under the Court's conditions**. See Docket 156." *Id*., at ¶1 (emphasis added).

Despite the fact that counsel for Plaintiff Beavers specifically agreed to the Court's conditions in the October 7, 2016 Notice, he now attempts to change his mind. On November 16, 2016, counsel for Plaintiff Beavers filed a "Motion for Reconsideration As to Requirement That Counsel for Marilyn Beavers Pay Expert Expenses for Defendants' Experts to Attend Examination." (ECF No. 162).

### ARGUMENT AND AUTHORITY

This Court premised the opportunity for additional testing on Ms. Beaver's consent to the Court's conditions within seven days of its September 30th Order. (ECF 156, 16). These conditions included the requirement that counsel for Plaintiff Beavers

5

"pay all of defendants' reasonable costs for expert witnesses related to the additional testing." *Id*. While counsel for Plaintiff Beavers originally notified the Court of his consent to the Court's conditions for the additional testing, (ECF No. 159), he now attempts to alter the very conditions to which he already agreed. As such, Plaintiff's motion for reconsideration should be treated as what it is – a withdrawal of Plaintiff Beavers' consent to the Court's conditions for additional testing. Plaintiff has thus failed to meet the Court's requirements for conducting more testing, (ECF No. 156), and any further testing should be prohibited. In the alternative, Plaintiff's motion for reconsideration should be summarily denied, and defense counsel should be awarded their costs in responding to the motion.

A.  **The Court acted well within its authority and discretion.**

If a party opposes a motion for testing, Federal Rule of Civil Procedure 26(c) provides the standard for denying or limiting the request. *Ostrander by Ostrander v. Cone Mills, Inc.*, 119 F.R.D. 417, 419 (D. Minn. 1988) (citing *Dabney v. Montgomery Ward & Co.*, 761 F.2d 494, 498 (8th Cir. 1985); *Cameron v. Dist. Court In & For First Judicial Dist.*, 193 Colo. 286, 290, 565 P.2d 925, 929 (1977)). Rule 26(c) provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c), the Court may, among other things: (1) forbid discovery; (2) specify the terms of discovery, including when and where it is conducted, and who pays for it; (3) proscribe a discovery method other than the one offered by the party seeking discovery; and (4) limit the scope of discovery in certain matters.

6

In its September 30, 2016 Order, this Court rightfully concluded that there was good cause for the Court to Order Ms. Beavers' counsel to pay some of defendants' expenses related to the additional tests, reasoning as follows:

> On March 20, 2015, BRK submitted a proposed inspection protocol to all parties. The protocol provided for a non-destructive examination of the smoke alarm and, if necessary, a destructive examination of the smoke alarm. For months, counsel for Ms. Beavers objected to any destructive testing of the alarm. After the parties agreed to conduct a non-destructive examination on December 7, 2015, Ms. Beavers waited months until filing her motion for testing. In her motion, she requests many of the same destructive tests to which she previously objected. Under these circumstances, allowing Ms. Beavers to conduct additional testing while requiring defendants to pay additional expert costs and fees would be unjustified.

(ECF No. 156, 13).

In the motion for reconsideration, Plaintiff Beavers fails to put forth a single fact or legal argument that contradicts the Court's above-quoted findings. Defense counsel sought to work with counsel for Plaintiff Beavers for months in order to reach an agreement on a testing protocol that would permit both non-destructive testing and destructive testing (if necessary) at the same inspection. Plaintiff's counsel refused, and the parties conducted non-destructive testing only. Ultimately, after several more months, Plaintiff Beavers filed a motion to conduct the very testing to which her attorney previously objected. The Court saw fit to grant Plaintiff Beavers that opportunity, but only if counsel for Plaintiff Beavers agreed to pay the defendants' reasonable costs for expert witnesses related to the additional testing.

Plaintiff Beaver's motion for reconsideration flatly contradicts her "Notice of Election by Marilyn Louise Beavers, Administrator, to Pursue Additional Testing Under

7

the Court's Conditions," (ECF No. 159), and once again has drained unnecessary expense and resources by requiring the defendants and the Court to revisit an issue already resolved by the Court's September 30, 2016 Order.

## CONCLUSION

Because counsel for Plaintiff Beavers has effectively withdrawn his consent to the Court's conditions for additional testing, Plaintiffs should be prohibited from conducting any additional testing. In the alternative, the Housing Authority Defendants respectfully request that the court deny Plaintiff's motion for reconsideration and award them their reasonable expenses in responding to the motion.

Respectfully submitted,

William M. Griffin III (#82069)
Kimberly D. Young (#2003124)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR 72201
Phone: (501) 370-1429
Fax: (501) 244-5329
griffin@fridayfirm.com
kyoung@fridayfirm.com

*/s/ Kimberly D. Young*
   Kimberly D. Young

*Attorneys for Defendants Arkansas Housing Authorities Property & Casualty Self-Insured Fund, Inc. and Evanston Insurance Company*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing has been filed using the CM/ECF filing system on this 28th day of November, 2016, on the following counsel of record:

| | |
|---|---|
| David Hodges<br>david@hodgeslaw.com | Baxter Drennon<br>bdrennon@wlj.com |
| Dion Wilson<br>edionwilson@gmail.com | Sheila F. Campbell<br>campbl@sbcglobal.net |
| John W. Walker<br>johnwalkeratty@aol.com | John L. Wilkerson<br>jwilkerson@arml.org |
| Shawn G. Childs<br>schilds@gabrielmail.com | Teresa Wineland<br>teresa.wineland@kutakrock.com |
| Kathryn Pryor<br>kpryor@wlj.com | James H. Heller<br>jimheller@cozen.com |

A true and correct copy of the foregoing pleading has been served upon the following counsel of record via U.S. Mail on this same date:

William M. Hatchett
Hatchett, DeWalt & Hatchett, PLLC
485 Orchard Lake Road
Pontiac, MI 48341
w.hatchett@hatchettlawfirm.com

                                                                */s/ Kimberly D. Young*
                                                                  Kimberly D. Young