IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| FURLANDARE SINGLETON, Individually and as Administrator of the Estate of Dequan Singleton, Syndi Singleton, and Haylee Singleton, Decedents; and CLYDE HATCHETT, Individually, and as Administrator of the Estate of Emily Beavers, Deceased | :<br>:<br>: Case No.: 4:15-CV-205-KGB<br>:<br>:<br>:<br>:<br>: |
| v. | :<br>: |
| ARKANSAS HOUSING AUTHORITIES PROPERTY & CASUALTY SELF-INSURED FUND, INC., *et al.* | :<br>:<br>: |

| | |
|---|---|
| MARILYN LOUISE BEAVERS, Individually, and as Administrator of the Estate of MARILYN BEAVERS, DECEASED | :<br>:<br>:<br>:<br>: |
| v. | :<br>: |
| ARKANSAS HOUSING AUTHORITIES PROPERTY & CASUALTY SELF-INSURED FUND, INC., *et al.* | :<br>:<br>: |

**RESPONSE OF BRK BRANDS, INC. TO MOTION FOR RECONSIDERATION AS TO REQUIREMENT THAT COUNSEL FOR MARILYN BEAVERS PAY EXPERT EXPENSES FOR DEFENDANTS' EXPERTS TO ATTEND EXAMINATION**

Defendant, BRK Brands, Inc. ("BRK"), responds to the motion for reconsideration as to requirement that counsel for Marilyn Beavers ("Beavers") pay expert expenses for defendants' experts to attend examination as follows:

1.  The arguments made to support counsel's motion can be summed up as follows: a) the December 7, 2015 inspection was non-destructive and had constraints which prevented plaintiffs' experts from sufficiently examining the

smoke alarm to include a destructive examination; and, b) all parties anticipated that a second, destructive examination might be required. However, counsel misses the mark as to the basis of the Court's order that counsel pay defendants' expert expenses for the second examination. The Court found good cause for ordering payment because of counsel's repeated objections over a course of months to a destructive examination of the subject smoke alarm on December 7, 2015, because of counsel's refusal to provide a counter-protocol and because the second examination subsequently requested by Beavers' counsel seeks some of the same destructive testing protocol to which counsel previously objected. (Doc. No. 156 at 13).

2. As set forth in defendants' various pleadings that are reflected in the Court's order, Beavers' counsel refused to cooperate in developing test protocols prior to the December 7, 2015 examination which showed a lack of willingness to avoid unnecessary costs and expenses. (See Doc. No. 156 at 12). To avoid the costs associated with having numerous experts fly to Arkansas on two separate occasions, BRK submitted to counsel a protocol for both non-destructive and destructive examination of the alarm. Non-destructive examination would be conducted first. If not determinative of whether the alarm sounded, a protocol was proposed for destructive examination to follow during the same inspection. (See Doc. No. 46 and 46-1). For months, counsel for BRK and other Defendants attempted to work with Beavers' counsel on a testing protocol that would permit no-destructive testing and destructive testing (only if necessary) at the same inspection. Counsel for Beavers refused to cooperate, simply objecting to BRK's protocol and refusing to provide a counter-protocol, despite requests by the defendants. (See Doc. No. 46, ¶ 7). When

2

BRK filed a motion to conduct the examination, counsel for Beavers filed a response objecting to the examination and argued that BRK had failed to demonstrate that destructive testing was necessary. (See Doc. No. 49 at 4-5). Counsel argued that destructive testing would "deprive the plaintiff the opportunity to show the jury the actual condition of the smoke alarm after the fire" and that the "preservation of the smoke alarm is crucial to the proper resolution of this case." (See Doc. No. 49 at 5). Counsel specifically requested that the Court "disallow any destructive testing or examination of the subject smoke alarm". (See Doc. No. 49 at 6).

    3.    Because a non-destructive examination could still show that the alarm sounded[1] and because Beavers' counsel would only agree as a compromise to non-destructive examination, a non-destructive examination took place on December 7, 2015. Beavers' experts were in attendance to include Roger Tate. It is Roger Tate's affidavit on which Beavers' counsel has now based his motion for a second inspection involving destructive examination. (See Doc. No. 75 and 75-1). In his affidavit, and with respect to the December 7, 2015 examination, Mr. Tate attests that the experts "were not allowed to touch the alarm or its attached wires and were not allowed to open the cover of the alarm." He goes on to attest that "the constraints of the December 7, 2015 inspection prevented a sufficient examination of the smoke alarm to allow reliable expert opinions to be rendered regarding the functionality of the smoke alarm." (See Doc. No. 75-1). The constraints to which Mr. Tate refers were the constraints imposed on the examination by counsel for Beavers in refusing to agree to or even engage in a discussion of a protocol for destructive examination. While BRK maintains that the December 7, 2015 non-

---

[1] Defendants' experts in fact were able to determine that the alarm sounded during the December 7, 2015 non-destructive examination.

1362096-v1

destructive examination unequivocally showed that the smoke alarm did in fact sound, which makes a second destructive examination unnecessary, had Beavers' counsel not placed the constraints on the first examination, the experts would have been allowed to conduct the same testing counsel now seeks.  The repeated expert expenses in connection with the second examination would have been avoided.

    4.    For "good cause", and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" related to discovery, the Court may issue an order "specifying the terms, including time and place or the allocation of expense, for the disclosure or discovery."  Fed. R. Civ. P. 26(c)(1)(B). Rule 26(c) provides the standard for denying or limiting a request for testing. *Ostrander by Ostrander v. Cone Mills, Inc.*, 119 F.R.D. 417, 419 (D. Minn. 1988) (citing *Dabney v. Montgomery Ward & Co.*, 761 F.2d 494, 498 (8th Cir. 1985).  The Court has found that, based on the record, good cause exists to order Beavers' counsel to pay some of defendants' expert expenses related to additional testing. (Doc. 156 at 12-13).  The basis for the Court's order has not changed.  BRK respectfully requests that the motion of Beavers' counsel be denied.

    5.    In further response, BRK adopts The Housing Authority Defendants' response to Beavers' counsel's motion.  (Doc. No. 164).

    WHEREFORE, defendant, BRK Brands, Inc., respectfully requests that the motion for reconsideration as to requirement that counsel for Marilyn Beavers pay expert expenses for defendants' experts to attend examination be denied; that counsel for Ms. Beavers be required to abide by the Court's order and pay all of BRK's experts reasonable costs for the additional testing subject to any subsequent rulings in connection with any disputes over the amount of the costs.

Respectfully submitted,

**WRIGHT, LINDSEY & JENNINGS, LLP**

By: /s/ *Kathryn A. Pryor*
    Kathryn Pryor (89206)
    200 W. Capitol Avenue, Suite 2300
    Little Rock, AR  72201-3699
    501-371-0808
    kpryor@wlj.com

And

James H. Heller, Esquire
**COZEN O'CONNOR**
1650 Market Street, Suite 2800
Philadelphia, PA  19103
215-665-2189
jimheller@cozen.com
*Attorneys for BRK Brands, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

David A. Hodges – david@hodgeslaw.com
Sheila Campbell – campbl@sbcglobal.net
Teresa Wineland – Teresa.wineland@kutakrock.com
John Walker – johnwalkeratty@aol.com
Shawn Childs – schilds@gabrielmail.com
William M. Hatchett – w.hatchett@hatchettlawfirm.com
William Griffin – griffin@fridayfirm.com
John Wilkerson – jwilkerson@arml.org

                /s/ *Kathryn A. Pryor*
                  Kathryn A. Pryor