IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FURLANDARE SINGLETON, INDIVIDUALLY, AND AS
ADMINISTRATOR OF THE ESTATE OF DEQUAN
SINGLETON, SYNDI SINGLETON, AND HAYLEE
SINGLETON, DECEDENTS; AND CLYDE HATCHETT,
INDIVIDUALLY, AND AS ADMINISTRATOR OF THE
ESTATE OF EMILY BEAVERS, DECEASED                                       PLAINTIFFS

V.                                    NO. 4:15-CV-00205-KGB

ARKANSAS HOUSING AUTHORITIES PROPERTY
& CASUALTY SELF-INSURED, INC.(SPECIFICALLY,
THE JACKSONVILLE HOUSING AUTHORITY, A/K/A
THE MAX HOWELL PLACE HOUSING PROJECTS);
EVANSTON INSURANCE COMPANY, AN ILLINOIS
CORPORATION; PHIL NIX, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF
THE JACKSONVILLE HOUSING AUTHORITY; CITY OF
JACKSONVILLE; BRK BRANDS, INC.; JACKSONVILLE
FIRE DEPT; WAYNE TAYLOR; LARRY HAMSHER;
CHRIS MCDONALD; TONY SUTHERLAND; DEWAN
LEWIS; JOHN DOES 1–50; AND JANE DOES 1–50        DEFENDANTS

AND

MARILYN LOUISE BEAVERS, INDIVIDUALLY, AND AS
ADMINISTRATOR OF THE ESTATE OF MARILYN BEAVERS,
DECEASED                                                                PLAINTIFFS

V.

ARKANSAS HOUSING AUTHORITIES PROPERTY
& CASUALTY SELF-INSURED, INC. (SPECIFICALLY,
THE JACKSONVILLE HOUSING AUTHORITY, A/K/A
THE MAX HOWELL PLACE HOUSING PROJECTS);
EVANSTON INSURANCE COMPANY, AN ILLINOIS
CORPORATION; PHIL NIX, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF
THE JACKSONVILLE HOUSING AUTHORITY;
BRK BRANDS, INC.; CITY OF JACKSONVILLE;
JACKSONVILLE FIRE DEPT; WAYNE TAYLOR;
LARRY HAMSHER; CHRIS MCDONALD; TONY
SUTHERLAND; DEWAN LEWIS; AND JOHN DOES 1–10     DEFENDANTS

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AS TO REQUIREMENT THAT COUNSEL FOR MARILYN BEAVERS PAY EXPERT EXPENSES FOR DEFENDANTS' EXPERTS TO ATTEND EXAMINATION**

Counsel for Plaintiff, Marilyn Louise Beavers, Individually, and as Administrator of the Estate of Marilyn Beavers ("Beavers"), states for his Reply in Support of Motion for Reconsideration (Docket No. 162), as set forth below.

**A.    The Motion for Reconsideration is Not Withdrawal of Plaintiff's Notice of Election to Pursue Additional Testing**

Plaintiff's counsel first contends that the Motion for Reconsideration was not a withdrawal of Plaintiff's consent to the Court's conditions for additional testing. Plaintiff filed her Notice of Election by Marilyn Louise Beavers, Administrator, to Pursue Additional Testing Under the Court's Conditions (Docket No. 159), in which she stated:

> Pursuant to the directions of the Court, in an Order filed September 30, 2016, Marilyn Louise Beavers, Administrator, intends to pursue additional testing under the Court's conditions. See Docket 156.

Docket No. 159.

Separate Defendants Arkansas Housing Authorities Property & Casualty Self-Insured Fund, Inc. and Evanston Insurance Company, ("The Housing Authority Defendants") argue in their Response that the present Motion for Reconsideration should be considered a "withdrawal of Plaintiff Beavers' consent to the Court's conditions for additional testing", and, in turn, that "Plaintiff has thus failed to meet the Court's requirements for conducting more testing, (ECF No. 156), and any further testing should be prohibited." Docket No. 164 at 6. This is incorrect.

Defendants have consistently employed tactics designed to deprive

Plaintiffs of necessary and appropriate discovery in this case, and the Responses continue these tactics by conflating the Motion for Reconsideration as a withdrawal of consent for the court's conditions for additional testing.

The Motion for Reconsideration specifically noted that the Plaintiff's counsel respects the Court's ruling and appreciates the Court allowing the additional inspection and testing to proceed.  Docket 162 at 2.  The Motion further only asked the Court for reconsideration of the portion of the Order which requires Beavers' counsel to pay all of defendants' reasonable costs for expert witnesses related to the additional testing.  Id.  The Court's Order of September 30, 2016 (Docket No. 156) granted the additional inspection subject to various conditions, including the denial of production of an exemplar smoke detector and that the inspection be recorded by a professional videographer. Docket No. 156 at 13.

The Motion for Reconsideration was not a wholesale rejection of the Court's conditions.  It was not even a rejection of the Court's condition requiring Plaintiff Beavers' counsel to pay the defendants' reasonable costs for expert witnesses related to the additional testing.  Beavers' counsel does ask the Court to reconsider that condition for the reasons stated in the Motion, but such a request is not improper, and certainly does not constitute a withdrawal of the consent to the conditions required by the Court to allow the additional testing to proceed.

To be clear, Plaintiff and her counsel will comply with the conditions set forth in the Court's Order of September 30, 2016, Docket No. 156, as to allow the additional testing to proceed–even if the Court does not grant the Motion

for Reconsideration. Plaintiff's counsel does ask the Court to reconsider a limited portion of the Order, in regards to the requirement that he pay Defendants' expert costs. The relief sought in the Motion for Reconsideration is in the nature of a request for alternative relief, in that Plaintiff will comply with the Court's conditions (whatever those conditions might ultimately be), but asks that the Court alter those conditions for the reasons stated in the Motion. See United States v. Castellanos, 608 F.3d 1010, 1019 (8th Cir. 2010)("[P]arties should present alternative arguments whenever sound strategy dictates.").

In sum, the Motion for Reconsideration should not be construed as a withdrawal of Plaintiff's consent to the Court's conditions, and the additional testing should be allowed to proceed. Furthermore, for the reasons stated in the Motion, and set forth below, Plaintiff's counsel asks the Court to reconsider the condition placed upon the testing that requires him to pay defendants' reasonable costs for expert witnesses related to the additional testing.

**B.    The Motion for Reconsideration Should be Granted**

Notably absent from either the Housing Authority Defendants' Response (Docket No. 164) or from BRK Brands, Inc.'s Response (Docket No. 165) is any discussion of the testing and inspection of the junction box. As noted in the Motion for Reconsideration, the junction box was not at the December 7, 2015 inspection, and Plaintiff has not yet had any opportunity to have her experts inspect or test the junction box.

BRK's statement that "the December 7, 2015 non-destructive examination unequivocally showed that the smoke alarm did in fact sound"

(Docket No. 165 at 3–4), contradicts alternative theories set forth by BRK, which highlight the necessity of the inspection of the junction box.  BRK has previously presented conflicting alternate theories that the smoke alarm "undisputedly" sounded (Docket No. 88 at ¶ 4) and, alternatively, that there was no electrical source to cause the smoke alarm to sound.  (Docket No. 124 at ¶ 3).  The protocol attached to BRK's Motion for Inspection, and agreed upon by other Defendants, also references examining the junction box.  (Docket No. 46.)

All the Defendants have recognized the importance of the evidence that can be derived from the junction box.  No examination or testing of the junction box has occurred.  Beavers' counsel respectfully contends that Defendants should not have their expert costs paid for the upcoming inspection, because they recognized the significance of the junction box, but failed to ensure that the junction box was present at the December 7, 2015 examination.

Furthermore, as for the smoke detector itself, Plaintiff's counsel asserts that the Defendants agreed to proceed with the non-destructive testing first, knowing that additional testing might be required at a later date.  BRK stated:

> If BRK is not able to obtain needed information without a destructive inspection, then BRK should go back to the court on the issue of destructive testing.  BRK accepts this proposal and will agree to an inspection that follows the nondestructive protocol only. If destructive testing is required, BRK agrees not to engage m the testing until the matter is brought back to the court for further guidance.

Docket No. 162-1, Kathryn Pryor's letter of November 6, 2015.

The other Defendants acquiesced to this position as discussed in the Motion for Reconsideration.  Defendants' actions should preclude them from receiving the benefit of having their expert costs paid when they recognized a

5

subsequent examination of the smoke detector might be necessary.

Finally, Defendants are incorrect in their suggestions that they played no role in the constraints placed upon experts at the first examination.  Early on, Defendants were stating that the inspection would take place at the Jacksonville Police Department. Docket 162-4, Will Griffin's letter of March 25, 2015 and Docket 162-6, Kathryn Pryor's letter of March 11, 2015.  This was despite the fact that the Jacksonville Police Department did not have certain equipment on site necessary to fully examine and test the items.  Furthermore, the City of Jacksonville placed restrictions which interfered with a full examination of the subject items. Docket 162-5, Robert Bamburg's e-mail of December 3, 2015 (stating that only a Jacksonville Police Detective would be allowed to touch the item).

Considering the discussion above, and the matters set forth in the Motion for Reconsideration, Plaintiff's counsel respectfully asks the Court to reconsider the portion of the Order which requires Beavers' counsel to pay all of Defendants' reasonable costs for expert witnesses related to the additional testing, and to require each party to bear their own costs related to experts in this regard, and to allow the inspection and testing to go forward..

                                                  **MARILYN LOUISE BEAVERS, Individually, and as Administrator of the Estate of MARILYN BEAVERS, Deceased, Plaintiff**

                                                  **By:      /s/ David Hodges**
                                                      **DAVID A. HODGES**
                                                **Attorney at Law**
                                                **212 Center Street, Fifth Floor**
                                                **Little Rock, AR 72201-2429**
                                                **Arkansas Bar No. 65021**
                                                **Telephone: 501-374-2400**
                                                **Facsimile:   501-374-8926**
                                                **E-Mail: david@hodgeslaw.com**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 5, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. William M. Hatchett
Hatchett, DeWalt, Hatchett
485 Orchard Lake Road
Pontiac, MI 48341

Ms. Sheila Campbell
Attorney at Law
P.O. Box 939
North Little Rock, AR 72115

Mr. William Griffin
Friday, Eldredge Clark
400 W. Capitol Ave., Suite 2000
Little Rock, AR 72201-3493

Ms. Kathryn A. Pryor
Wright, Lindsey & Jennings
200 W. Capitol Avenue, Suite 2300
Little Rock, AR 72201

Mr. John Walker
Mr. Shawn Childs
Walker Law Firm
1723 Broadway
Little Rock, AR 72206

Mr. Baxter D. Drennon
Wright, Lindsey & Jennings
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201

Mr. John L. Wilkerson
Attorney at Law
301 W. 2nd Street
North Little Rock, AR 72115

Mr. James H. Heller
Cozen O'Conner
1900 Market Street
Philadelphia, PA 19103

Ms. Teresa Wineland
Kutak Rock, LLP
124 W. Capitol Avenue, Suite 2000
Little Rock, AR 72201

                                  **/s/ David Hodges**